# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN Z. LEE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2084 | **DATE** | 5/2/13 |
| **CASE TITLE** | David Gevas (#B-41175) vs. S.A. Godinez, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's equal protection claim is summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915A. The plaintiff may proceed only on his failure-to-protect claim. The clerk is directed to: (1) issue summonses for service on the defendants by the U.S. Marshal; and (2) send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The plaintiff's motion for attorney representation [#3] is denied, without prejudice.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials, have violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety and security and by denying him equal protection. More specifically, the plaintiff alleges that, according to Stateville policy, inmates categorized as belonging to "security threat groups" are housed with inmates who are not affiliated with any gangs. The plaintiff maintains that gang members routinely prey on others, and that the prison administration gives them preferential treatment.

The plaintiff has not sought leave to proceed *in forma pauperis*; rather, he has paid the statutory filing fee. But notwithstanding i.f.p. status, under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint.

Here, accepting the plaintiff's allegations as true, the court finds that the complaint articulates colorable federal causes of action against the defendants. Correctional officials have a duty to protect inmates from violent assaults by other inmates. *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 669 (7th Cir. 2012) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). The Constitution imposes on prison officials a duty to "take reasonable measures to guarantee the safety of the inmates and to protect them from harm at the hands of hands of others." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (quoting *Farmer*, 511 U.S. at 832-33).
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Correctional officials incur liability for the breach of that duty when they are aware of a substantial risk of serious injury to an inmate but nevertheless fail to take appropriate steps to protect him from a known danger. *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007); *see also Santiago v. Walls*, 599 F.3d 749, 758–59 (7th Cir. 2010). "When [Seventh Circuit] cases speak of a 'substantial risk' that makes a failure to take steps against it actionable under the Eighth or Fourteenth Amendment, they also have in mind risks attributable to detainees with known 'propensities' of violence toward a particular individual or class of individuals; to 'highly probable' attacks; and to particular detainees who pose a 'heightened risk of assault to the plaintiff.'" *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005); *Washington v. Bryant*, No. 11 C 8184, 2012 WL 589031, *2 (N.D. Ill. Feb. 16, 2012) (Lefkow, J.).

The plaintiff has stated facts suggesting that: (1) he has been incarcerated under conditions posing a substantial risk of serious harm, and (2) defendant-officials have acted with deliberate indifference to that risk. *See Santiago*, 599 F.3d at 756; *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008). As the complaint provides facts satisfying both prongs for Eighth Amendment liability, he will be permitted to proceed on his deliberate indifference claim. While a more fully developed record may belie the plaintiff's allegations, the defendants must respond to the complaint.

However, the plaintiff has failed to set forth a tenable equal protection claim with regard to his factually unsupported assertion that gang members receive preferential treatment. The factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* (citations omitted). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In the absence of any facts whatsoever to support his assertion, the plaintiff's discrimination claim is dismissed.

The clerk shall issue summonses forthwith. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. If either defendant can no longer be found at the work address provided by the plaintiff, the Illinois Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to send a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

**(CONTINUED)**

| STATEMENT (continued) |
|---|

The plaintiff is advised that there is a two-year statute of limitations for civil rights actions in Illinois. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. The plaintiff should therefore attempt to identify the "John and Jane Doe" defendants as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. **The plaintiff is reminded that he is required to provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed.** In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

The plaintiff's motion for the attorney representation is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson*, 433 F.3d at 1006). When a *pro se* litigant submits a request for assistance of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to recruit counsel).

After considering the above factors, the court concludes that the solicitation of counsel is not warranted in this case. Although the complaint sets forth cognizable claims, the plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff is an experienced litigator, and his submissions to date have been coherent and articulate. He appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for attorney representation is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.

Finally, the plaintiff is advised that every document filed must include his handwritten (not typewritten) signature. *See* Fed. R. Civ. P. 11(a).