Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN Z. LEE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2084 | **DATE** | 6/10/13 |
| **CASE TITLE** | David Gevas (#B-41175) vs. S.A. Godinez, et al. | | |

**DOCKET ENTRY TEXT:**

The amended complaint [#10] is stricken.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials, have violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety and security and by denying him equal protection. More specifically, the plaintiff alleges that, according to Stateville policy, inmates categorized as belonging to "security threat groups" are housed with inmates who are not affiliated with any gangs. The plaintiff maintains that gang members routinely prey on others, and that the prison administration gives them preferential treatment.

By Minute Order of May 2, 2013, the court allowed the plaintiff to proceed on his deliberate indifference claim, but summarily dismissed his equal protection claim on preliminary review pursuant to 28 U.S.C. § 1915A. The plaintiff has submitted a proposed amended complaint re-asserting his equal protection claim and adding a retaliation claim. For the reasons stated in this order, the court rejects the amended complaint.

With regard to the plaintiff's equal protection claim, he still fails to set forth facts to support his contention that gang members receive preferential treatment. As discussed more fully in the court's previous order, mere labels and conclusions are insufficient to state a cause of action. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The amended complaint does not articulate a plausible equal protection claim.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

In addition, the plaintiff must pursue his retaliation claim in a separate lawsuit. As discussed in *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007),

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. A complaint containing distinct claims against unrelated defendants cannot stand. *Id.* at 606.

Even assuming that the plaintiff's retaliation claim could arguably be tied to his underlying claim concerning alleged gang control at Stateville, joinder of that new claim is improper because the original and amended complaints are couched in terms of a class action. Alleged retaliation directed at the plaintiff personally is not an appropriate inquiry in a class action that globally addresses the prison administration's management of gang activity. The retaliation claim is improperly joined.

For the foregoing reasons, the court rejects the plaintiff's amended complaint. The plaintiff may proceed only on the deliberate indifference claim advanced in his original complaint.